# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | ) Consolidated Under<br>) MDL Docket No. 875 |
| CERTAIN PLAINTIFFS | ) Case No. 2:02-md-00875 |
| VS. | ) Maritime Docket (MARDOC) |
| CERTAIN DEFENDANTS | ) |

## SHIPOWNER DEFENDANTS' MOTION FOR RECONSIDERATION, IN PART, OF THE COURT'S MAY 30, 2014 ORDER [DOC. 4318, 5/30/14]

Shipowner Defendants (identified in Attachment 1) move the Court to reconsider that portion of its Order (Doc. 4318, 5/30/14) which dismissed, without prejudice, the personal jurisdiction motions filed in the cases purportedly originating in New York and Michigan.[1]

The Order treated fourteen cases as originating in New York or Michigan when, in fact, they originated in Ohio. Therefore, Shipowner Defendants' personal jurisdiction motions should not have been dismissed by the Order, and those motions should be subject to the Court's prior orders dismissing defendants where Plaintiffs failed to prove that personal jurisdiction existed in Ohio. (Case No. 2:02-md-875 Doc. Nos. 3045, 8/26/13; 4196, 3/12/14; 4286, 4/14/14.)

**I.  The Cases Misidentified as Originating in New York**

    A.  The *Terry W. Fager* Case (2:10-CV-37613)

On February 1, 2001, Plaintiff Terry W. Fager filed a complaint in the Northern District of Ohio, which was assigned case number 1:01-CV-10052. (Ex. 1 to Daniel Decl., Attachment

---

[1] Because the Order (Doc. 4318, 5/30/14) dismissed without prejudice certain personal jurisdiction motions and ordered Shipowner Defendants to re-file the motions with appropriate case law, Shipowner Defendants intend to re-file the purported New York and Michigan motions with Ohio case law. In the event the Court should conclude that the purported New York and Michigan cases are not subject to Ohio personal jurisdiction law even though the actions against shipowners were filed in Ohio, Shipowner Defendants ask for thirty additional days to re-file those personal jurisdiction motions with New York or Michigan case law.

2.) In that complaint, Plaintiff named several defendants, including the moving Shipowner Defendants. (*Id.*) On October 15, 2009, the Northern District of Ohio action was transferred to the Eastern District of Pennsylvania and assigned case number 2:09-CV-30165.

On March 21, 2011, a separate action filed by Plaintiff in the Southern District of New York against defendant United States Lines Inc. Reorganization Trust that had been transferred to the Eastern District of Pennsylvania and assigned case number 2:10-CV-37613, was consolidated with 2:09-CV-30165 (the Northern District of Ohio case against Shipowner Defendants). (Case No. 2:10-CV-37613, Doc. 5, 3/21/11.) Due to the consolidation, the case against Shipowner Defendants, filed in the Northern District of Ohio, now has an MDL case number that the Court associates with a Southern District of New York case.

Because Terry Fager's complaint against Shipowner Defendants was filed in the Northern District of Ohio, and service of process upon moving Shipowner Defendants was made pursuant to the Ohio long arm statute, the personal jurisdiction motions filed by Shipowner Defendants that relied on Ohio law were proper.

    B.    The *Conrad J. Washington* Case (2:10-CV-37726)

On February 1, 2001, Plaintiff Conrad J. Washington filed a complaint in the Northern District of Ohio, which was assigned case number 1:01CV10186. (Ex. 2 to Daniel Decl.) In that complaint, Plaintiff named, among other shipowner defendants, Amsea Corporation. (*Id.*) On November 2, 2009, the Northern District of Ohio action was transferred to the Eastern District of Pennsylvania and assigned case number 2:09-CV-30440.

On March 21, 2011, a separate action filed by Plaintiff in the Southern District of New York against defendant United States Lines Inc. Reorganization Trust that had been transferred to the Eastern District of Pennsylvania and assigned case number 2:10-CV-37726, was

consolidated with 2:09-CV-30440 (the Northern District of Ohio case against Shipowner Defendants). (Case No. 2:09-CV-30440, Doc. 18, 3/21/11.)  Due to the consolidation, the case against Shipowner Defendants, filed in the Northern District of Ohio, now has an MDL case number that the Court associates with a Southern District of New York case.

Because Conrad Washington's claims against Shipowner Defendants was filed with the Northern District of Ohio, and service of process was made on moving Shipowner Defendants pursuant to the Ohio long arm statute, the personal jurisdiction motion filed by Amsea Corporation that relied on Ohio law was proper.

## II.     The Cases Misidentified as Originating in Michigan[2]

Like the New York cases described above, the twelve cases transferred from the Eastern District of Michigan to the Eastern District of Pennsylvania were originally filed in the Northern District of Ohio and, therefore, should be dismissed pursuant to the Court's dismissal of Ohio actions for lack of personal jurisdiction. (Case No. 2:02-md-875 Doc. Nos. 3045, 8/26/13; 4196, 3/12/14; 4286, 4/14/14.)

The twelve cases at issue were filed with the Northern District of Ohio from 1986 through 1989. (Exs. 3-14 of Daniel Decl.)  Thereafter, on December 26, 1990, Northern District of Ohio Judge Thomas D. Lambros, created "trial clusters" of 336 pending maritime asbestos cases.  (OAL Order No. 120, Attachment 3.)  The clusters consisted of 296 Ohio cases and 40 Michigan cases.  (*Id.*)  After creating the clusters, the Court transferred the Ohio cases, pursuant

---

[2] The cases that were misidentified in the Court's May 30, 2014 order as originating in Michigan are: Wilson, Lionel C. (2:11-CV-33880); Hawkins, Kenneth D. (2:11-CV-33883); Jacobson, Jason A. (2:11-CV-33888); Deosca, Lloyd D. (2:11-CV-33892); Braun, Joseph F. (2:11-CV-33896); Admundson, Donald M. (2:11-CV-33902); Foote, George L. (2:11-CV-33908); Blue, Joseph E. (2:11-CV-33914); Huggins, Willard C. (2:11-CV-33918); Johnson, Jr., Samuel (2:11-CV-33920); McGrath, Wendell J. (2:11-CV-33927); and Guiden, Thomas P. (2:11-CV-33931).

to 28 U.S.C. § 1404(a), to the U.S. District Court for the Eastern District of Michigan.[3] (OAL Order No. 125, Attachment 4.) Because the cases were transferred to the Eastern District of Michigan prior to their ultimate transfer to the Eastern District of Pennsylvania, the Court has designated them as "Michigan" cases. They are, however, Ohio cases subject to the Ohio personal jurisdiction rulings.

Because the personal jurisdiction motions that the Court dismissed in its order (Doc. 4318, 5/30/14) purportedly relating to "Michigan" cases actually relate to cases originally filed with the Northern District of Ohio, and service of process was made upon moving Shipowner Defendants pursuant to the Ohio long arm statute, those personal jurisdiction motions properly relied on Ohio law.

## **CONCLUSION**

For the foregoing reasons, Shipowner Defendants respectfully move the Court to reconsider, in part, its Order (Doc. No. 4318, 5/30/14) with respect to the purported Michigan and New York cases identified in Attachment 1, that the Court reinstate the personal jurisdiction motions in those cases, and that the Court grant the personal jurisdiction motions for the reasons set forth in the Court's prior personal jurisdiction Memoranda and Orders.

---

[3] The Sixth Circuit later addressed the invalidity of the transfer of the cluster of cases to the U.S. District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a) in the context of two cases that had unique issues to those cases. (Feb. 20, 1992 Sixth Circuit Order in relation to Case Nos. 91-1666 and 91-1667, Ex. 15 of Daniel Decl.)

4

Respectfully submitted,

  /s/ *Harold W. Henderson*
Harold W. Henderson (# 0019056)
Richard C. Binzley (# 0006969)
Susan K. Dirks (# 0081630)
THOMPSON HINE LLP
3900 Key Center, 127 Public Square
Cleveland, OH   44114-1291
(216) 566-5500 (phone)
(216) 566-7970 (fax)
Hal.Henderson@ThompsonHine.com
Dick.Binzley@ThompsonHine.com
Susan.Dirks@ThompsonHine.com
*Attorneys for Shipowner Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2014 a copy of the foregoing paper was filed with the Court and served electronically this day and is available for viewing from the Court's ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case.

Notice of this filing will be sent to all counsel of record via the Court's ECF system.

<u>/s/ Harold W. Henderson</u><br>
*Attorney for Shipowner Defendants*